UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.G., a minor by and through her Guardian ad Litem DANIELLE MORGAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>EL DORADO UNION HIGH SCHOOL DISTRICT, et al.,<br><br>Defendants. | No. 2:18-cv-00685-KJM DB<br><br>ORDER |

Defendants move to dismiss plaintiffs' state-law claims. Mot., ECF No. 13. Plaintiffs filed an opposition to the motion, Opp'n, ECF No. 15, and defendants replied, Reply, ECF No. 16. At the February 8, 2019 motion hearing, however, plaintiffs conceded the motion in its entirety. Noting the concession, the court GRANTS defendants' motion in full on the merits as explained below.

I.  FACTUAL BACKGROUND

Plaintiffs bring this action for various state and federal violations, including intentional discrimination under 42 U.S.C. § 1983, violation of the Americans with Disabilities Act and § 504 of the Rehabilitation Act of 1973, failure to perform supervisory duties under California Government Code section 815.6, negligent hiring, supervision and training under Government Code section 815.2, intentional infliction of emotional distress, negligent infliction

1

of emotional distress, negligence, assault, battery and violation of California Civil Code section 1714. Compl., ECF No. 1.

Minor plaintiff, S.G., suffers from Elhers-Danlos Syndrome III, a group of disorders affecting the connective tissues that support the skin, bones, blood vessels and other organs and tissues. *Id.* ¶¶ 16–17. S.G. also suffers from a Marfan trait called Pectus Excavatum and Dysautonomia, and other conditions as well. *Id.* ¶ 16. S.G. was, at all relevant times, a student at El Dorado High School ("EDHS"). *Id.* ¶ 16. EDHS was aware of S.G.'s condition, and initially made all necessary accommodations based on her needs. *Id.* ¶ 17.

In September 2016, S.G. became friends with a fellow classmate, D.C. *Id.* ¶ 18. This friendship upset S.G.'s other classmates, E.O. and L.C., and their ire began a nearly eight-month campaign of harassment directed at S.G. *Id.* ¶¶ 19–27. After fits and starts, the harassment came to a head on May 15, 2017, when E.O. and L.C. allegedly attacked S.G. during the lunch hour at school. *Id.* ¶¶ 26–27. S.G. was taken to the emergency room after the attack where she was treated for a concussion, rib contusions, a right hip contusion, and various bumps and bruises over her head and eye. *Id.* ¶ 29. Plaintiffs allege that defendants were informed of the continual harassment, yet took inadequate measures to prevent S.G.'s inevitable harm on May 15, 2017. *Id.* ¶¶ 15–28.

Plaintiffs initiated this action on March 29, 2018. Compl. The complaint states, "This action is commenced less than six months after the denial of plaintiff's California Tort Claim for damages, that was timely filed with Defendant [EDHS]." *Id.* ¶ 33. Nonetheless, on January 3, 2019, defendants filed the pending motion to dismiss on two bases: (1) S.G. failed to comply with the California Tort Claims Act, and (2) plaintiff Danielle Morgan's individual claims are also barred for failure to comply with the Tort Claims Act. Mot. at 3–6.

II. LEGAL STANDARD

    A. <u>Judicial Notice</u>

The court may judicially notice a fact so long as it is not subject to reasonable dispute because it "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be

1 questioned." Fed. R. Evid. 201(b). In the context of a motion to dismiss under Rule 12(b)(6), the court must ordinarily confine its review to the four corners of the complaint. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). However, the "court may properly look beyond the complaint to matters of public record [when] doing so does not convert a Rule 12(b)(6) motion to one for summary judgment." *D.K. ex rel. G.M. v. Solano Cty. Office of Educ.*, 667 F. Supp. 2d 1184, 1188 (E.D. Cal. 2009) (citation omitted). Additionally, "[a] court may consider evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder*, 450 F.3d at 448.

B. Motion to Dismiss

A party may move to dismiss a complaint against it for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted only if the movant can show the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013). Determining whether a complaint will survive a motion to dismiss is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The court must construe the complaint in a light most favorable to a plaintiff and accept as true its factual allegations. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007).

III. DISCUSSION

A. Judicial Notice

Defendants ask the court to take judicial notice of the July 12, 2017 government tort claim filed by S.G., and the August 29, 2017 notice of rejection by EDHS, both of which defendants attach to their request. Judicial Notice, ECF No. 13-2. Defendants point to paragraph 33 of the operative complaint, in which plaintiffs reference their claim and the denial. *Id.* at 2; Compl. ¶ 33 ("This action is commenced less than six months after the denial of plaintiff's California Tort Claim for damages, that was timely filed with Defendant [EDHS]."). Defendants also argue judicial notice is necessary because plaintiffs' timeliness in filing the claim and then

3

initiating this action after its denial is a prerequisite to initiating any state claims in this action. *Id.* Plaintiffs do not object to defendants' request; in fact, they also rely on the claim form defendants ask the court to judicially notice. *See* Opp'n at 7 (citing "Defendants' Request for Judicial Notice, Exhibit '1.'").

The court takes judicial notice of Exhibits 1 and 2, ECF No. 13-2 at 3–13.

B.      Motion to Dismiss

As discussed, defendants make two arguments in their motion: (1) S.G. failed to timely comply with the California Tort Claims Act, and (2) Danielle Morgan's state-law claims, in her individual capacity, are likewise barred for failing to file a claim under the Act. Each are addressed in turn.

1.      S.G.'s California Tort Claim

Under California Government Code section 945.4, "no suit for money or damages may be brought against a public entity on a cause of action . . . until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board." Once a claim has been filed with the government entity, the period within which the claimant may initiate a lawsuit depends on the government entity's mode of response. If written notice is provided to the claimant, then the claimant has six months from the date of personal delivery or mail deposit of the notice to file her lawsuit. Cal. Gov't Code § 945.6(a)(1). If no written notice is provided, the claimant has two years from accrual of the cause of action to initiate her case. *Id.* § 945.6(a)(2).

The government entity must act upon a claim within 45 days or the claim will be deemed rejected by operation of law. *Id.* § 912.4; *see also Gay-Straight All. Network v. Visalia Unified Sch. Dist.*, 262 F. Supp. 2d 1088, 1107 (E.D. Cal. 2001) ("When a public entity receives a document which contains the information required by section 910 and . . . section 910.2, the public entity has been presented with a 'claim' under the act, and must act within 45 days or the claim is deemed to have been denied (§ 912.4).").

If a claimant does not initiate a lawsuit within the applicable time limitation, then she is barred from filing a lawsuit as to any cause of action subject to the Act. *Id.* § 950.2; *see*

4

*also Mangold v. California Pub. Utilities Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995) (citing *Snipes v. City of Bakersfield*, 145 Cal. App. 3d 861 (5th Dist. Ct. App. 1983)) ("The California Tort Claims Act requires, as a condition precedent to suit against a public entity, the timely presentation of a written claim and the rejection of the claim in whole or in part.").

Defendants argue S.G.'s state-law claims[1] are untimely because she filed them outside of the six-month window established by section 945.6(a)(1). S.G. filed her claim on July 12, 2017. *See* Ex. 1. Schools Insurance Authority ("SIA"), the claims administrator for EDHS, received S.G.'s claim on July 13, 2017, and failed to respond within the 45-day response window; thus, the claim was rejected by operation of law on August 26, 2017. *See* Ex. 2. On August 29, 2017, SIA served S.G. with notice by U.S. Mail that her claim had been rejected by operation of law. *Id.* Defendants argue this notice of rejection date, August 29, 2017, is when S.G.'s six-month limitations clock began; thus, she had until March 1, 2018, to initiate her lawsuit. Mot. at 5. By allowing the March 1, 2018 deadline to pass, and filing the underlying complaint on March 29, 2018, S.G. forfeited her ability to bring her state causes of action in this case. *Id.*

In her initial opposition, S.G. argues that because her claim was rejected by operation of law, she should be afforded the two-year limitation period under section 945.6(a)(2), not the shorter six-month period provided by section 945.6(a)(1). Opp'n at 7. In reply, defendants cite two California cases for the proposition that the two-year limitation period is only applicable when no notice whatsoever is sent, not when notice is sent beyond the 45-day response period. Reply at 2–3.

Having reviewed the cases defendants cite, the court agrees with defendants' assertions. In *Katelaris v. Cty. of Orange*, the court, in a footnote, dismissed the exact argument S.G. makes here:

---

[1] Defendants acknowledge plaintiffs' federal claims are not subject to California's Tort Claims Act requirements. Mot. at 4 (citing *Williams v. Horvath*, 16 Cal. 3d 834, 841 (1976) ("[W]hile it may be constitutionally permissible for the Legislature to place this substantive impediment in the path of a state cause of action, it is clear that the supremacy clause will not permit a like abrogation of the perquisites of a federal civil rights litigant.")).

5

> [Plaintiffs] contend that the county's failure to send notice of rejection within 45 days after the claim was received, as required by section 912.4, means the statute of limitations is the two-year period applicable when no written notice of rejection is given. (§ 945.6, subd. (b).) This is plainly wrong. The two-year statute only applies when *no written notice is sent*. Written notice given at any time triggers the six-month limitations period, even if it is beyond the 45-day period in which a public entity is supposed to act upon claims.

92 Cal. App. 4th 1211, 1216 n.4 (4th Dist. Ct. App. 2001) (emphasis in original), *as modified on denial of reh'g* (Nov. 15, 2001). The *Katelaris* court relied on the seminal case of *Glorietta Foods, Inc. v. City of San Jose*, 147 Cal. App. 3d 835 (1st Dist. Ct. App. 1983). There, the court said:

> The triggering date generally will be the date the notice is deposited in the mail or personally delivered to the claimant, at which time the claimant will receive a warning that he has a limited time within which to sue and a suggestion that he consult an attorney. *See* Government Code section 913. No time limit is prescribed within which the public entity must give the notice, but the claimant is permitted six months from the date that the notice is given to file suit.

*Id.* at 838.

At hearing on defendants' motion, plaintiffs' counsel was provided opportunity to address the decisions in *Katelaris* and *Glorietta Foods*, but counsel conceded these cases control and are dispositive of the issues raised in defendants' motion. In light of plaintiffs' concession, applying the state courts' construction of the applicable statute here, defendants' motion must be granted. To review, on August 29, 2017, defendants served S.G. with notice that her claim had been rejected by operation of law. Ex. 2. The date on which the rejection by operation of law occurred is irrelevant under the provisions of section 945.6(a), as it is the date notice was given, either by personal service or by mail, that triggers the six-month limitation period. Thus, S.G. had until March 1, 2018 to timely file suit on her state causes of action. By initiating this suit on March 29, 2018, S.G. allowed the deadline to pass and her state-law claims are now barred.

    2.    <u>Danielle Morgan's State-Law Claims</u>

Defendants also move to dismiss the individual state-law claims of Danielle Morgan for her failure to file her claims in advance of bringing suit as required by the California

Tort Claims Act. Mot. at 5–6. Plaintiffs conceded this point by failing to challenge it in their opposition, and confirmed as much during hearing on the motion. *See generally* Opp'n.

Any claim subject to the Tort Claims Act must be filed with the government entity not later than one year after accrual of the cause of action. Cal. Gov't Code § 911.2. If a tort claim is not filed within the statutory period, the claimant is barred from litigating that cause of action. *See D.K.*, 667 F. Supp. 2d at 1194 (dismissing parents' individual state claims for their failure to file their claims under the Tort Claims Act). For purposes of the Act, a claim accrues on the date of the offense. *See John R. v. Oakland Unified Sch. Dist.*, 48 Cal. 3d 438, 443 (1989) (measuring timeliness of claim from date of alleged molestation).

Relying on the claim form judicially noticed, the court finds the claim here was made on behalf of S.G. only, not Morgan. *See* Ex. 1 (listing name and address of claimant: S.G.). The claim form's only reference to Morgan is to her "c/o" status beneath S.G.'s name. Because plaintiffs have conceded this point, and there is no evidence Morgan has attempted to comply with the requirements of the California Tort Claims Act, her state-law claims in this action must be dismissed as well.

IV. <u>CONCLUSION</u>

For the reasons discussed above, defendants' motion to dismiss is GRANTED in its entirety. The motion is granted without leave to amend because any attempt to cure deficiencies in the complaint would be futile. *See Arnett v. Walgreen Co., Inc.*, 670 F. App'x 581, 582 (9th Cir. 2016) (affirming dismissal without leave to amend where claim was time barred). Plaintiff S.G.'s fourth through ninth causes of action are dismissed as untimely. Additionally, to the extent S.G.'s second cause of action contains an embedded Unruh Act violation, any state-based aspect of that cause of action is dismissed. Finally, because Danielle Morgan did not comply with the filing requirements of the California Tort Claims Act, the same causes of action are dismissed as to her individually. This order resolves ECF No. 13, and this

/////

/////

action will proceed only on the remaining federal claims, claims one through three. Defendants shall file their answer within fourteen (14) days.

IT IS SO ORDERED.

DATED: June 25, 2019.

_____
UNITED STATES DISTRICT JUDGE